ORVILLE K. PATTERSON & another *vs.* CITY OF DULUTH and others.

April 30, 1875.

Town Plats—Easement.—Where several persons, owning different lands in severalty, join in making a town plat of them, no one of such owners acquires, by the plat alone, any easement or right of way, distinct from that granted to the public, in that part of the public streets marked on the plat, over lands of the owners.

Appeal by plaintiffs from an order of the district court for St. Louis county, *McKelvey*, J., presiding, sustaining a demurrer to the complaint.

*Setzer & Thompson*, for appellants.

*Robt. G. Terry* and *Geo. Gray*, for respondents.

GILFILLAN, C. J.   The city of Duluth, by its charter, is authorized "to construct, or authorize any individual or corporation to construct, canals connecting Lake Superior with Superior Bay," etc.   Under this authority, the defendants constructed a canal across Minnesota Point, between Lake Superior and Superior Bay, and within the corporate limits of the city, which canal cuts Lake avenue and Minnesota avenue, two streets which run along the point.   The plaintiffs own lots abutting on these streets, outside of the canal, and near to it.   The canal obstructs the passage along these streets, from the main part of the city of Duluth to that part of it which lies on the point outside of the canal. The two causes of action set out in the complaint, the demurrer to which was sustained by the order appealed from, allege injury to the value of plaintiffs' lots, and to their business conducted on and by means of the lots, as a consequence of the obstruction to passage along the streets mentioned, between plaintiffs' lots and the main part of the city.

The canal having been constructed under authority from the sovereign, it is not, unless improperly constructed or maintained,—and there is no allegation in these two causes of action that it was,—a public nuisance.   The question, therefore, does not arise, when an individual may recover for injuries sustained by reason of an act which amounts to a public wrong.

The plaintiffs claim, in their argument here, that they have, as appurtenant to their lots, an easement or right of way, distinct from that of the public, over and along these streets, and that the construction of the canal across them, because it interrupts their enjoyment of the easement, amounts to an appropriation of it to public use, and that this cannot be done until compensation is made.

The only assertion of an easement in the complaint is to be gathered from the allegations, "that these plaintiffs purchased the said lots in the year 1869, according to the original plat of the town of Upper Duluth, as the said town is surveyed and platted, and the plat thereof recorded in the office of the register of deeds for St. Louis county; that the said lots or parcels of land are bounded on the north by Lake avenue, and on the south by Minnesota avenue; that the said Lake avenue and Minnesota avenue were, by the original owners of said town of Upper Duluth, upon said plat, set apart, reserved and dedicated as highways, for the use, benefit and behoof of the several owners of the lots in said town, and the public generally; and that these plaintiffs, as owners of the lots and parcels of land aforesaid, were and are entitled to have and use an easement and right of way over and along the said Lake avenue and Minnesota avenue, throughout their entire length, as appurtenant to their said lots, and appertaining to said lots forever; the said easement being the right to pass over and along said Lake avenue and Minnesota avenue, with horses, teams, cattle and on foot, in like manner as the public has a right to pass over public highways."

It might have been sufficient, as a matter of pleading, had the complaint alleged, as a fact, that plaintiffs were owners of an easement or private right of way along these streets, without alleging how the right was derived; but they have chosen to set forth the facts which they claim gave them the easement, and we have to determine whether an easement, such as is claimed, accrued by reason of those facts.

The complaint is not clear as to whether the parties joining in the plat were owners of the lands in common, or in severalty; but construing it as liberally as the plaintiffs are entitled to have it construed, their claim to an easement, distinct from that of the public, would rest upon these facts: Certain persons, owning in severalty the lands embraced within the town of Upper Duluth, made and recorded a

plat of the same, as a town site, upon which they dedicated these streets as public highways, and subsequently the plaintiffs purchased from one of such original owners the lots in question, which abut upon both of these streets.

The question in the case is not what interest a purchaser of a lot fronting on a street acquires in that part of the street opposite his lots; for the defendants have not interfered with that part of Lake and Minnesota avenues opposite the plaintiffs' lots; nor is there a question as to what interest a purchaser from an owner who has platted his land into blocks, lots and streets, acquires in such streets, away from the lots he purchases, and to the extent that the same are laid over the land of his grantor; because it does not appear that the original owner of plaintiffs' lots, and of that part of the streets opposite them, ever owned that part of the streets at which the defendants have constructed the canal: and if he did not own that part of the street at the time the plat was made, of course he could not, by his own act, create any easement over it.

The only question which the facts stated in the complaint present, is this: When two or more owners in severalty of lands join in making a plat of a town or addition, embracing their respective lands, dividing the whole into blocks, lots and streets, does each thereby give a private right of way or easement, distinct from that of the public, over that part of his own land platted as streets, to each of the other owners, as appurtenant to the lands of each?

We think not. To give the plat that effect would make it operate, *ipso facto*, as a grant by each of the parties joining in it to each of the others. The statute makes the plat operate as a conveyance of any donation or grant to the public or any individual, religious society, or to any corporation or body politic, marked or noted as such on the plat. The operation of the plat as a grant cannot be extended beyond this. Each owner grants the streets laid out over his land to the public, for use as public highways, but does not grant them to the other owners, as private ways.

What rights, if any, an owner who sells lots by the plat passes to his grantee, in the streets not opposite the lots sold, cannot be considered in this case. The plaintiffs had no easement in these streets distinct from the public, and the first and second causes of action set forth in the complaint have therefore no foundation. The order appealed from is affirmed.